In re Fred Leroy HAUER and Nellie Hauer, husband and wife, d/b/a Fred Hauer Trucking, Debtors.

J. O. NEAL, Trustee in Bankruptcy, Plaintiff,

v.

Fred Leroy HAUER and Nellie Hauer, husband and wife, I–5 Truck Sales & Service, Inc., a Washington corporation, and Midland Transportation, Inc., a corporation, and James Sherrell, an individual, Defendants.

Bankruptcy No. A81–0312–435.
Adv. No. 80–01424.

United States Bankruptcy Court,
E. D. Washington.

June 1, 1982.

Michael A. Arch of Carlson, Drewelow & Arch, P. S., of Wenatchee, Wash., for defendant I–5.

William J. Smith of Wenatchee, Wash., for defendants Midland and Sherrell.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

This matter is before the Court on the Motion of I–5 Truck Sales & Service, Inc., a Washington corporation (herein I–5), for Summary Judgment on its cross-claim for determination of lien priority against defendant, Midland Transportation, Inc. (herein Midland).

## FACTS

On October 2, 1978 I–5 sold to defendant/debtor a 1974 white Freightline on a conditional sales contract and security agreement. Subsequently I–5 properly perfected its security interest by notating the same on the certificate of title as provided for under Washington law.

On June 6, 1980 defendant/debtor delivered the 1974 Freightline to Midland for repairs. Midland removed the original engine and replaced it with a spare engine. The truck was then driven from Midland's facilities and returned shortly thereafter. Subsequently Midland filed a mechanic's lien in Douglas County, Washington. Thereafter I–5 commenced a suit for fore-

closure of its security interest and replevin of personal property in Douglas County naming defendant/debtor Hauer and Midland as defendants. A writ of attachment and a temporary restraining order was issued on June 13, 1980. I–5 and Midland stipulated to continue the restraining order pending the outcome of the Douglas County suit. Prior to the resolution of said suit the defendant/debtors filed for relief under Chapter 7 of 11 U.S.C. on August 25, 1980. Pursuant to the order for relief a stay pursuant to § 362 issued as to the Douglas County suit.

On May 18, 1981 a Complaint to Void Liens and turn over vehicle was commenced by the trustee. The issue was joined and a motion for summary judgment was heard on November 6, 1981. As a result of that motion an Order was entered removing any interest of the trustee and defendant/debtor as to the vehicle.

The interests as to I–5 and Midland were reserved to be argued later. Those issues are now before the Court.

### ISSUE

There are two issues before the Court. First, has the engine installed become an accession pursuant to R.C.W. 62A.9 et seq.? Second, is I–5's security interest in the 1974 Freightline superior to any claim of Midland asserting a mechanic's lien, either statutory or common law?

### DISCUSSION

After a review of the file and affidavits submitted by Midland the Court finds that a question of fact exists as to the intention of the parties regarding the placement of the spare engine in the 1974 Freightline. The Court therefore finds that the question as to whether the engine was an accession to the truck cannot be determined and thus the question as to I–5's superior claim to said engine cannot be summarily determined.

In light of the foregoing, which the Court adopts as its Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 752, it is

ORDERED that defendant, I–5's Motion for Summary Judgment is hereby denied.